# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:09CR58 RAS/DDB |
| | § | |
| KOURTNEY ALANA FOX (2) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 16, 2015 to determine whether Defendant violated her supervised release. Defendant was represented by Frank Henderson. The Government was represented by Jay Combs.

On April 9, 2010, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 27 months imprisonment followed by a 5-year term of supervised release for the offense of Conspiracy to Manufacture, Distribute or Possess with Intent to Manufacture, Distribute or Dispense Cocaine Base (Crack). Defendant began her term of supervision on July 14, 2011.

On January 21, 2015, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 101). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled

1

substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (5) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is release from the program by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On September 10, 2012, Defendant was arrested in Lamar County, Texas, for Driving While License Invalid. Defendant was charged with this offense in the Justice of the Peace 5-2 Court, Lamar County, Texas, in Case Number 5212-812. On September 11, 2012, Defendant pled guilty to the charge and was assessed a $280 fine. On June 21, 2014, Defendant was issued a citation in the City of Paris, Lamar County, Texas, for open container. Defendant was charged in the Paris Municipal Court with this offense in Case Number PAG89550-3323-0. On July 1, 2014, Defendant failed to appear in court as ordered and was charged with Failure to Appear, in Case Number PFA89550-901-0; (2) On December 18, 2013, Defendant submitted a urine specimen that tested positive for marijuana. Defendant admitted in writing to using marijuana for a period of two months at the frequency of three to five times per week; (3) Defendant failed to submit a monthly supervision report by the 5th day of the month during the months of November and December 2014, and January 2015; and (4) On December 18, 2013, Defendant was referred to Pierce & Agnew, a drug treatment agency in Paris, Texas, for random drug testing. Defendant failed to report for drug testing on September 2, October 1, 6, 14, 28, November 3, 7, 17, and 26, and December 1, 9, 18, and 29, 2014; and January 5, 2015. Additionally, Defendant has failed to call the random drug testing notification line since October 25, 2014.

At the hearing, Defendant entered a plea of true to the alleged violations.  Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court.  The Court finds that Defendant has violated the terms of her supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the April 16, 2015 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of seven (7) months, with no supervised release to follow.  The Court further recommends that Defendant's term of imprisonment be carried out in FCI Bryan, if appropriate.

**SIGNED this 28th day of April, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE